IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MATTHEW NASH**                                                                 **PETITIONER**

**V.**                                                  **CIVIL ACTION NO. 3:22CV180 KHJ-LGI**

**BURL CAIN, COMMISSIONER**                                         **RESPONDENT**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Matthew Nash seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss his petition as time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

Following his convictions for murder, shooting into an occupied dwelling, and aggravated assault in the Circuit Court of Warren County, Mississippi more than ten years ago, Nash was sentenced on March 20, 2009, to serve a life term, plus fifty years, without the possibility of parole, in the custody in the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed his convictions and sentences on January 11, 2011. *Nash v. State*, 51 So. 3d 261 (Miss. Ct. App. 2011). Nash did not seek rehearing in the Mississippi Court of Appeals or certiorari review. He filed a motion for post-conviction relief on January 10, 2022, which was denied as untimely by the Mississippi Supreme Court on February 28, 2022. He filed the instant petition on April 4, 2022.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022) (quoting *Smith v. Titus*, 209 L. Ed. 2d 488, 141 S. Ct. 982, 987 (2021)). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* Among them is the one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of

the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Nash's convictions became final on January 25, 2011, 14 days after the Mississippi Court of Appeals affirmed his convictions. Though Nash did not seek rehearing after his convictions and sentences were affirmed, he is credited with the 14-day filing period permitted for doing so under state law. M.R.A.P. 40(a); *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review'") (quoting § 2244(d)(1)(A)). Thus, to toll the statute of limitations, Nash was required to file a motion for post-conviction collateral relief in state court on or before January 25, 2012. However, he did not do so until January 10, 2022. A petitioner cannot revive an expired limitations period by filing a late state petition. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Accordingly, AEDPA's statute of limitations period ran uninterrupted from January 25, 2011, through January 25, 2012. Absent equitable or

statutory tolling, the instant petition filed more than 10 years after his conviction became final is untimely.

Nash does not deny that his habeas petition is untimely, nor does he contend that he was unaware of AEDPA's statute of limitations. He also makes no assertions that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations.

Rather, Nash maintains that he is serving an illegal sentence and is actually innocent of the crime. However, actual innocence itself is not a free-standing ground for habeas corpus relief. *Floyd v. Vannoy*, 894 F.3d 143, 155–58 (5th Cir. 2018); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, a petitioner must: (1) present "new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial;" and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).

Nash has not met this high burden here. Apart from asserting his innocence, he has not *presented* any new, reliable evidence to this Court to demonstrate more likely

than not that a reasonable juror would not have convicted him had his actual innocence claims been presented at trial. Nor has he shown that no reasonable juror would have convicted him based on "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Reed*, 739 F.3d at 767. His contentions that the State failed to meet its evidentiary burden are insufficient to establish an actual innocence gateway claim.

As for his contention that he has received an "illegal sentence," courts in this district have held that there is no such exception to AEDPA's limitations period. *See, e.g., Mitchum v. Hall*, No. 3:18CV572-DPJ-RHW, 2019 WL 41483849, at *4 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, No. 3:18-CV-572-DPJ-RHW, 2019 WL 4145231 (S.D. Miss. Aug. 30, 2019); *Venezia v. Hall*, No. 2:19CV19-KS-MTP, 2019 WL 4072402, at *3 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, No. 2:19-CV-19-KS-MTP, 2019 WL 4060347 (S.D. Miss. Aug. 28, 2019).

None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. Because the instant petition was filed well after the federal statute of limitations expired, the undersigned finds that Petitioner's habeas petition is time-barred and recommends that it be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file

written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that, except upon grounds of plain error, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on September 30, 2022.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
