UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MATTHEW NASH, #L4436                                                           PETITIONER

V.                                            CIVIL ACTION NO. 3:22-CV-180-KHJ-LGI

BURL CAIN, COMMISSIONER                                                   RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is [15] the Report and Recommendation ("Report") of United States Magistrate Judge LaKeysha Greer Isaac. The Report is adopted for the following reasons.

I.    Facts and Procedural History

Petitioner Matthew Nash is incarcerated at the Marshall County Correctional Facility. He petitioned for habeas corpus relief under 28 U.S.C. § 2254, challenging his state-court convictions and sentences for murder, shooting into an occupied dwelling, and aggravated assault. Pet. [1]. Respondent Commissioner Burl Cain moved to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Mot. Dismiss [11]; 28 U.S.C. § 2244(d). The Magistrate Judge concluded Nash's petition is time-barred under AEDPA's one-year period of limitation ("limitation period") because Nash filed it more than ten years after his state-court convictions became final. [15] at 3–5.

Nash was sentenced on March 20, 2009, and the Mississippi Court of Appeals affirmed his convictions and sentences on January 11, 2011. *Nash v. State*, 51 So. 3d 261 (Miss. Ct. App. 2011). He did not seek rehearing or certiorari review. He

filed a motion for state post-conviction relief nearly ten years later on January 10, 2022. State Ct. R. [12-10] at 4. The Mississippi Supreme Court dismissed that motion as untimely on February 28, 2022. *Id.* at 2. Nash petitioned for habeas relief under § 2254 on April 4, 2022. [1] at 1.

To determine whether Nash's petition is time-barred, the Magistrate Judge applied § 2244(d)(1)(A): "the limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [15] at 2. The Magistrate Judge concluded Nash's state-court convictions became final on January 25, 2011, 14 days after the Mississippi Court of Appeals affirmed his convictions and sentences on January 11, 2011. *Id.* at 3; 28 U.S.C. § 2244(d)(1)(A); M.R.A.P. 40(a). Accordingly, the limitation period expired on January 25, 2012. [15] at 3.

The Magistrate Judge noted that, although § 2244(d)(2) tolls the limitation period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," Nash did not file a state-court petition for post-conviction relief until nearly ten years later, after the limitation period expired. *Id.* at 2–4. Nash also did not contend other equitable or statutory tolling applied. *Id.* at 4.

Nash instead raised actual-innocence and illegal-sentence challenges. The Magistrate Judge concluded Nash failed to meet the "high burden" of showing actual innocence, noted no "illegal sentence" exception to the limitation period exists, determined other statutory exceptions did not apply, and found none of

2

Nash's other challenges are relevant or warrant tolling the limitation period. *Id.* at 4–5. Accordingly, the Magistrate Judge recommends Nash's petition be dismissed with prejudice as time-barred. *Id.* at 5.

II. Standard

The portions of the Report to which Nash objects are reviewed de novo, 28 U.S.C. § 636(b)(1); the remaining portions under a "clearly erroneous, abuse of discretion and contrary to law" standard. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). But the Court need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), or consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001).

III. Analysis

Nash raises two objections to the Report: the limitation period does not apply under *Rowland v. State*, 42 So. 3d 503 (Miss. 2010); and his right to be protected from an illegal sentence caused by violation of the Fifth Amendment's prohibition against double jeopardy is enough to establish an actual innocence claim. Commissioner Cain counters that *Rowland* is inapplicable, Nash fails to establish an actual-innocence claim, an illegal sentence is not an exception to the limitation period, and Nash's double-jeopardy challenge is waived because he raises it for the first time in his Report objections.

3

Both of Nash's challenges fail. First, *Rowland* is a decision about procedural bars to state post-conviction relief in Mississippi. *Latham v. King*, No. 1:13-CV-215, 2013 WL 6048161, at *3 (S.D. Miss. Nov. 15, 2013). It does not apply "to any of the exceptions to the one-year limitation period contained in § 2244(d)." *Id.*

Second, Nash fails to establish an actual-innocence claim. Actual innocence is not a free-standing ground for federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). But if the petitioner proves an actual-innocence claim, he can overcome the limitation period. *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (per curiam). "Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *McQuiggan v. Perkins*, 569 U.S. 383, 386 (2013)). The new evidence must be reliable. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Nash claims he is actually innocent because the State failed to meet its burden of proof of at trial. *See* [16] at 4–5. But he does not present "new reliable evidence" to support his actual-innocence claim. *Schlup*, 513 U.S. at 324. Nor does he show that, in the light of any old or new evidence, a reasonable juror would not have found him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 537–38 (2006); *Tyler*, 768 F. App'x at 265. Additionally, an illegal-sentence claim does not toll the limitation period. *Johnson v. Hall*, No. 3:19-CV-567, 2020 WL 4590023, at *2 (S.D. Miss. June 26, 2020), *report and recommendation adopted*, No. 3:19-CV-567, 2020 WL 4587006 (S.D. Miss. Aug. 10, 2022).

To the extent that Nash bases his actual-innocence or illegal-sentence claims on a double-jeopardy violation, he did previously present this challenge to the Court, contrary to Commissioner Cain's assertion. *See* [1] at 7; [13] at 3. Nash's challenge fails, however, because "AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late." *Williams v. Shaw*, No. 3:20-CV-778, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021).

Lastly, Nash contends *Read v. State*, 430 So. 2d 832 (Miss. 1983), dictates that the Court should allow him to raise challenges for the first time on appeal. [16] at 5. But, like *Rowland*, *Read* applies only to Mississippi state-court review. *Read*, 430 So. 2d at 837.

IV. Conclusion

The Court has reviewed Nash's objections de novo and denies those objections for all these reasons. The remaining portions of the [15] Report and Recommendation are not clearly erroneous, an abuse of discretion, or contrary to law.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the [15] Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac is adopted as the opinion of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that Respondent's [11] Motion to Dismiss is GRANTED, and this case is DISMISSED with prejudice.

The Court holds also that a certificate of appealability ("COA") shall not issue. To obtain a COA, Nash must show "jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Nash satisfies the first prong but not the second.

A separate Final Judgment will issue this day.

SO ORDERED, this the 28th day of November, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
